# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HEREDIA, an individual; MARIA HEREDIA, an individual,<br><br>Plaintiff,<br>v.<br>ALLSTATE INDEMNITY COMPANY, a business entity; and DOES 1 through 50, Inclusive,<br><br>Defendant. | CASE NO. 15cv1642 WQH (RBB)<br><br>ORDER |

HAYES, Judge:

The matters before the Court are (1) the Motion to Remand (ECF No. 4) filed by Plaintiffs Robert Heredia and Maria Heredia, (2) the Motion for Sanctions Under Rule 11 Against Plaintiffs' Counsel (ECF No. 7) filed by Defendant, and (3) the Motion to Compel Arbitration and to Dismiss or, Alternatively, to Stay Action Pending Completion of Arbitration (ECF No. 3) filed by Defendant Allstate Indemnity Company.

**I.  Background**

Plaintiffs were in an automobile accident on June 8, 2013 with a motorist "insured under an automobile liability insurance policy." (ECF No. 1-2 ¶ 11). "On or about October 2, 2013, Plaintiffs settled their claims" with the responsible motorist "for payment of his policy limits." *Id.* "Plaintiffs then pursued their claims for underinsured motor benefits under their policy with their automobile insurance carrier, Allstate." *Id.*

On June 23, 2015, Plaintiffs Robert Heredia and Maria Heredia initiated this

action by filing a Complaint in the San Diego County Superior Court against Defendant Allstate Indemnity Company ("Allstate"). (ECF No. 1-2). The Complaint alleges that Defendant breached the implied covenant of good faith and fair dealing by "unreasonably and wrongfully refus[ing] to pay Plaintiffs' request for the underinsured motorist benefits they were entitled to receive," among other things. *Id.* ¶11.

On July 23, 2015, Defendant Allstate removed the action to this Court pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332 on the basis of diversity of citizenship. (ECF No. 1 at 2-3). The notice of removal asserts that "Plaintiffs are and were at the commencement of the state court action and at the time of removal, citizens of the State of California . . . ." *Id.* at 2. The notice of removal asserts that Defendant "Allstate is, and was at the commencement of the state court action and at the time of removal, a resident and citizen of the State of Illinois . . . ." *Id.* The notice of removal asserts that "Allstate is, and was at the commencement of the state court action, a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Cook County, Illinois." *Id.* The notice of removal asserts that "Plaintiffs' naming of 50 fictitious 'Doe' defendants without identifying their citizenship has no effect on the diversity analysis in this case." *Id.*

On July 29, 2015, Defendant filed a "Motion to Compel Arbitration and to Dismiss or, Alternatively, Stay Action Pending Completion of Arbitration." (ECF No. 3-1). Defendant requests that the Court dismiss the Plaintiffs' Complaint because Plaintiffs are required to comply with the mandatory arbitration provision in their Allstate insurance policy. *Id.* at 4. Alternatively, Defendant requests that the Court compel arbitration and stay the action until arbitration is completed. *Id.* at 7. Plaintiffs filed a response to Defendant's motion to compel arbitration, requesting "that Defendant's motion be granted, to the extent the present matter is stayed until the arbitration set for October 19, 2015 can be accomplished." (ECF No. 5 at 3). "Plaintiffs strongly request that the present case not be dismissed without prejudice at this time, but that the case be stayed." *Id.*

On August 13, 2015, Plaintiffs filed a motion to remand to State Court. (ECF No. 4). The motion to remand contends that there is not complete diversity between the parties. (ECF No. 4-1 at 5). Plaintiffs contend that Defendant should be considered a citizen of the State of California under 28 U.S.C. § 1332(c)(1), which governs the citizenship of corporations for purposes of diversity jurisdiction, because this case involves a direct action brought by an insured against an insurer. *Id.* at 5-6. On August 25, 2015, Defendant filed an opposition to Plaintiffs' motion to remand. (ECF No. 6). In the opposition, Defendant contends that 28 U.S.C. § 1332(c)(1) is not applicable in this case because "plaintiffs' complaint is against their own insurer, Allstate, for bad faith" and is therefore "not a 'direct action' as contemplated by section 1332(c)(1)." *Id.* at 4.

On August 25, 2015, Defendant also filed a motion for sanctions (ECF No. 7) alleging that "plaintiffs' counsel should be sanctioned under Rule 11 for having filed this frivolous motion [to remand], and then refusing to withdraw it when Allstate advised him of controlling Ninth Circuit authority directly contradicting his arguments." *Id.* at 1. On September 2, 2015, Plaintiffs filed an opposition to Defendant's motion for sanctions. (ECF No. 8). On September 8, 2015, Defendant filed a reply. (ECF No. 10).

## II. Motion to Remand

Plaintiffs' motion to remand contends that this case was improperly removed to federal district court based on diversity of citizenship. (ECF No. 4-1 at 5). Plaintiffs contend that they are citizens of the State of California. *Id.* Plaintiffs contend that Defendant is a citizen of the State of California because "this matter regards a dispute under the policy of insurance that the Insureds have with Defendant Allstate, under 28 USC 1332(c)(1)." *Id.* Plaintiffs contend that "[t]hey sue Allstate directly to recover from Allstate under California's 'direct action' statute." *Id.* at 6. Plaintiffs rely on *Chavarria v. Allstate Ins. Co.*, 749 F. Supp. 220, 222 (C.D. Cal. 1990) to support their claim that 28 U.S.C. 1332(c)(1) applies to bad faith actions brought by an insured against his or her insurer. (ECF No. 9 at 2). Plaintiffs contend that "the Court should

apply the statute's plain language and remand the case" for lack of subject matter jurisdiction. *Id.*

Defendant contends that diversity of citizenship exists because Allstate is incorporated in the State of Illinois and has its principal place of business in the State of Illinois. (ECF No. 6 at 2-3). Defendant relies on the interpretation of 28 U.S.C. § 1332(c)(1) by the Ninth Circuit Court of Appeals which narrows the applicability of § 1332(c)(1) to direct actions in which "the cause of action urged against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured." (ECF No. 6 at 4) (citing *Beckham v. Safeco Ins. Co. of Am.*, 691 F.2d 898, 902 (9th Cir. 1982)). Defendant contends that *Chavarria* has been overturned by *Searles v. Cincinnati Ins. Co.*, 998 F. 2d 728 (9th Cir. 1993), in which the Ninth Circuit Court of Appeals held that the § 1332(c)(1) exception does not apply to "a bad faith suit by an insured." (ECF No. 6 at 5). Defendant contends that Plaintiffs' action is a bad faith claim against Allstate, not a direct action, therefore, Defendant's citizenship under 28 U.S.C. § 1332 is unaffected by the fact that it is an insurance company being sued by individuals it insures.

"Except as otherwise provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States . . . ." 28 U.S.C.A. §1441(a). District courts have jurisdiction over cases in which the parties have diversity of citizenship. 28 U.S.C.A. § 1332(a) ("district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between-- (1) citizens of different states . . . ."). Section 1332(c)(1) governs the citizenship of corporations for diversity purposes:

> A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party, such insurer shall be deemed a citizen of-- (A) every state and

foreign state of which the insured is a citizen . . . .

28 U.S.C. § 1332(c)(1). For purposes of Section 1332(c)(1)

> [c]ourts have uniformly defined the term 'direct action'. . . as those cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him.... Thus, unless the cause of action urged against the insurance company is of such nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action.

*Beckham*, 691 F.2d at 901-902 (9th Cir. 1982) (internal citations and quotation marks omitted). Claims against insurance companies for bad faith refusal to settle claims do not constitute direct actions for purposes of Section 1332(c)(1). *See id.* at 902; *Searles*, 998 F. 2d at 729-30 (9th Cir. 1993) ("The *Chavarria* decision does not follow binding Ninth Circuit precedent and has been criticized on this basis.").

The interpretation of the direct action exception in 28 U.S.C. § 1332(c)(1) by the Ninth Circuit Court of Appeals makes clear that in a suit brought by an injured or damaged party, unless the action brought against the insurer could have been brought against the party who is legally responsible for the injury or damage, the action is not a "direct action" under 28 U.S.C. § 1332(c)(1). *See Beckham*, 691 F.2d at 901-902; *Searles*, 998 F.2d at 730. Plaintiffs' complaint alleges a bad faith claim against Defendant, specifically that Defendant Allstate breached the covenant of good faith and fair dealing that existed between the parties pursuant to the Plaintiffs' underinsured motorist coverage policy. (ECF No. 1-2 at 6). Because such action could not be brought against the party responsible for the car accident from which Plaintiffs' injuries arose, the action pending in this Court is a not a direct action. *See Beckham*, 691 F.2d at 901-902; *Searles*, 998 F.2d at 730. The rule set forth in Section 1332(c)(1) for determining the citizenship of insurance companies in direct action suits does not apply in this case. Defendant Allstate's citizenship for purposes of diversity jurisdiction should be determined by "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). Allstate is incorporated in the State of Illinois and has

its principal place of business in the State of Illinois, therefore is a citizen of the State of Illinois for purposes of diversity jurisdiction. Plaintiffs are both citizens of the State of California. The Court concludes that complete diversity exists between the parties, therefore diversity jurisdiction exists in this case.

### III. Motion for Sanctions

Defendant sent a letter to Plaintiffs' counsel dated August 13, 2015 "advising plaintiffs' counsel of controlling Ninth Circuit precedent directly contradicting his argument [in Plaintiffs' motion to remand] and notifying him of an impending motion under Rule 11 if plaintiffs did not withdraw their motion." (ECF No. 7-1 at 3). Defendant contends that "[a]fter further discussion between the parties on August 24, 2015, plaintiffs' counsel stated that he would not be withdrawing plaintiffs' frivolous motion." *Id.* On August 25, 2015, Defendant filed a "Motion for Sanctions Under Rule 11 Against Plaintiffs' Counsel." (ECF No. 7-1). Defendant contends that Plaintiffs' counsel "filed a motion to remand that . . . wholly ignores controlling Ninth Circuit precedent and fails to cite a single Ninth Circuit case even remotely supporting plaintiffs' argument." *Id.* at 2. On September 2, 2015, Plaintiffs filed a response, contending that Rule 11 sanctions should not be imposed because "Plaintiffs' motion for remand was not brought in bad faith" and that case authority exists to support Plaintiffs' motion for remand. (ECF No. 8 at 3-4).

Federal Rule of Civil Procedure 11(c) provides:

> If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

Fed. R. Civ. P. 11(c)(1). Rule 11 places "stringent notice and filing requirements on parties seeking sanctions." *Holgate v. Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005). Rule 11 contains a "safe harbor" provision, which requires a party seeking sanctions "to give the opposing party 21 days" to withdraw or otherwise correct the offending paper before filing the motion for sanctions. *Id.* at 678; Fed. R. Civ. P. 11(c)(1)(A). The

1  Court of Appeal for the Ninth Circuit enforces the safe harbor provision "strictly," and
2  "must reverse the award of sanctions when the challenging party [fails] to comply with
3  the safe harbor provisions, even when the underlying filing is frivolous." *Id.* at 678; *see*
4  *also Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 789 (9th Cir. 2001) (finding that
5  plaintiff's informal warnings did not satisfy the "strict requirement that a motion be
6  served on the opposing party twenty-one days prior to filing."); *Barber v. Miller*, 146
7  F.3d 707, 710 (9th Cir. 1998) ("[I]t would therefore wretch both the language and
8  purpose of the amendment to the Rule to permit an informal warning to substitute for
9  service of a motion"); *Bailey v. Root, Case No. 10cv0367 BTM(CAB)*, 2010 WL
10 2803950 at *5 (S.D. Cal. July, 14 2010) (denying request for sanctions on the grounds
11 that the movant did not comply with the safe harbor provision).

12    In this case, Defendant sent Plaintiffs' counsel a letter requesting Plaintiffs'
13 counsel to withdraw the motion to remand on August 13, 2015. (ECF No. 7-2 at 4).
14 Defendant's letter stated "[i]f you do not withdraw your motion by Tuesday, August 18,
15 2015, we will oppose it and file a motion for sanctions under Rule 11." *Id.* Defendant's
16 subsequently filed its motion for sanctions (ECF No. 7) on August 25, 2015. The
17 informal letter Defendant sent to Plaintiffs' counsel twelve days prior to filing the
18 motion for sanctions "did not meet the strict requirement that a motion be served on the
19 opposing party twenty-one days prior to filing." *See Radcliffe*, 254 F.3d at 789 (citing
20 *Barber*, 146 F.3d at 710). The motion for sanctions is denied.

21 **IV. Motion to Compel Arbitration**

22    Defendant Allstate filed a "Motion to Compel Arbitration and to Dismiss or,
23 Alternatively, Stay Action Pending Completion of Arbitration." (ECF No. 3).
24 Defendant contends that California Insurance Code Section 11580.2(f) requires a
25 dispute over the value of an underinsured motorist claim be resolved by arbitration.
26 (ECF No. 3-1 at 4). Pursuant to this mandate, Allstate's underinsured motorist
27 insurance policy that Plaintiffs possess contains an arbitration clause requiring all legal
28 actions brought against Allstate to be settled in arbitration. *Id.* at 5. Defendant requests

1  that the Court compel arbitration to be completed and dismiss this action or, in the
2  alternative, stay the action pending arbitration. *Id.* at 7.

3        In response to Defendant's Motion to Compel Arbitration, Plaintiffs "request that
4  this court grant Defendant's motion and order a stay of the present case, but respectfully
5  request that the case not be dismissed without prejudice at the present time." (ECF No.
6  5 at 1). "Plaintiffs contend that the repeated delays of Allstate constitute a breach of
7  their contract with Plaintiffs, yet understand the contract requires completion of
8  arbitration." *Id.* at 2-3.

9        Under the Federal Arbitration Act ("FAA"), "[t]he court shall hear the parties,
10 and upon being satisfied that the making of the agreement for arbitration or the failure
11 to comply therewith is not in issue, the court shall make an order directing the parties
12 to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4.
13 Pursuant to Section 3 of the FAA, a party may move for a court order staying a federal
14 action pending arbitration:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

19 9 U.S.C, § 3.

20       The parties agree that Plaintiffs' claims against Defendant are subject to the
21 arbitration agreement contained in Plaintiffs' insurance policy. Pursuant to the
22 arbitration agreement between the parties, the Court concludes that Plaintiffs' action
23 should proceed in arbitration. Pursuant to 9 U.S.C. § 3, the action will be stayed until
24 arbitration has been completed pursuant to the terms of the agreement.
25 ///
26 ///
27
28 **V.    Conclusion**

1     IT IS HEREBY ORDERED that Plaintiffs' motion to remand (ECF No. 4) is denied.

3     IT IS FURTHER ORDERED that Defendant's motion for sanctions (ECF No. 7) is denied.

5     IT IS FURTHER ORDERED that Defendant's motion to compel arbitration is (ECF No. 3) is granted.  Pursuant to 9 U.S.C. § 3, this action is stayed pending arbitration.  The parties shall file a status report with the Court no later than sixty (60) days from the date this Order is entered, and every sixty (60) days thereafter until the stay is lifted.

DATED: November 6, 2015

**WILLIAM Q. HAYES**
United States District Judge